IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| EUGENE THOMAS, | : | |
| Plaintiff, | : | |
| | : | NO. 4:23-cv-180-CDL-CHW |
| VS. | : | |
| VICTOR PURNELL, | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendant. | : | |

## ORDER AND RECOMMENDATION

Plaintiff Eugene Thomas, a pretrial detainee in the Muscogee County Jail in Columbus, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF Nos. 2; 8. The Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee. ECF No. 10. Plaintiff has now paid the required fee.

For reasons shown below, it is **ORDERED** that Plaintiff's "Motion for a Court Order," (ECF No. 4), in which he requests the Court to order the Muscogee County Jail to provide carbon paper or make carbon paper available in the commissary, is **DENIED**. Plaintiff's "Motion to Amend and Supplement Claim" (ECF No. 11) is **GRANTED**. Plaintiff's retaliation claim against Defendant Victor Purnell shall proceed forward for further factual development, but it is **RECOMMENDED** that all other claims be **DISMISSED** without prejudice for failure to state a claim.

1

**MOTION FOR A COURT ORDER**

Plaintiff requests the Court to order unnamed jail officials at the Muscogee County Jail to provide him with carbon paper or to order that they stock carbon paper in the commissary. ECF No. 4. Plaintiff acknowledges that he has access to pens and paper. *Id*. While there is a limited right to paper, pens, and postage stamps, there is no constitutional right to carbon paper. *See generally Bounds v. Smith*, 430 U.S. 817, 824–25 (1977) (finding that indigent inmate is entitled to paper, pen, notary services, and stamps); *Shabazz v. Barrow*, No. 7:05–cv–46, 2007 WL 121139, at *2 (M.D. Ga. Jan.11, 2007) (citing *Hoppins v. Wallace*, 751 F.2d 1161, 1161–62 (11th Cir.1985). Plaintiff's Motion for a Court Order (ECF No. 4) is, therefore, **DENIED**.

**MOTION TO AMEND AND SUPPLEMENT CLAIM**

Plaintiff moves to amend and supplement his claim but fails to tell the Court how he wants to amend and supplement any claim. ECF No. 11. Instead, he requests a "ruling on his motion [to amend and supplement] before he submits his brief of facts and law in support of his one time motion to amend and supplement prior to parties being served." *Id*. This motion is **GRANTED** to the extent that Plaintiff may amend his complaint in accordance with Federal Rule of Civil Procedure 15(a).

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

2

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S.

at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

Plaintiff states that he was arrested on August 24, 2023, and taken to the Muscogee County Government Center where he met Defendant Deputy Sheriff/Investigator Victor Purnell. ECF No. 1 at 5. Plaintiff alleges that Purnell informed him that he could help himself by becoming an informant. *Id*. An unnamed federal D.E.A. agent arrived and read Plaintiff his *Miranda* rights. *Id*. Defendant Purnell produced a "waiver of rights" form and told Plaintiff that he would be released immediately if he waived his rights and provided the names of persons from whom he purchased drugs. *Id*. Plaintiff requested counsel and told the D.E.A agent and Purnell that he did not "sell dope." *Id*. at 6.

According to Plaintiff, Purnell then took his cell phone and escorted Plaintiff to the Muscogee County Jail. *Id*. When Plaintiff and Purnell arrived at the jail, Plaintiff asked for a "confiscated property inventory form," which would presumably show that Plaintiff's cell phone had been confiscated. According to Plaintiff, Purnell told Plaintiff that he should not have made Purnell "look bad in front of the Feds" and refused to give Plaintiff the form showing that his phone had been confiscated.

Plaintiff alleges Purnell "retaliated against [him] for exercising [his] right to remain silent and no (sic) incriminate himself." *Id*. He states that Purnell "retaliated against [him] by not giving [him] a confiscated property inventory form (thus violating [his] DUE PROCESS)." *Id*. Additionally, he alleges that Purnell violated "Georgia law by illegally and improperly taking [his] property without a hearing." *Id*.

III.   Plaintiff's Claims

A. Retaliation claim against Defendant Victor Purnell

Plaintiff alleges Purnell "retaliated" against him because he invoked his Fifth Amendment Right to remain silent and Sixth Amendment right to counsel. ECF No. 1 at 5-7. While it is unclear, the Court assumes the "retaliation" occurred when Purnell, in effect, stole Plaintiff's phone by taking the phone and failing to place it with Plaintiff's other confiscated personal property for safekeeping during Plaintiff's incarceration.

A retaliation claim normally arises under the First Amendment when a plaintiff complains that he engaged in constitutionally protected speech and the defendant's retaliatory conduct negatively affected that protected speech. *See Hall v. Merola*, 67 F.4th

5

1282, 1294 (11th Cir. 2023). In this case, however, Plaintiff alleges Defendant Purnell retaliated against him because he exercised his constitutionally protected rights under the Fifth and Sixth Amendments. ECF No. 1 at 4-6.

Courts have recognized that a person may not be retaliated against for exercising his right to remain silent. *Martinelli v. Morrow*, No. 3:09-cv-256-MCR-MD, 2010 WL 5508637, at *7 (N.D. Fla. Nov. 12, 2010) (citing *Lefkowitz v. Turley*, 414 U.S. 70 (1973)) (stating that government officials may not retaliate against a prisoner because he exercised his right to remain silent); *Bader v. Wallace*, No. 1:13-cv-51-SWW-JTR, 2013 WL 5587925, at *2 (E.D. Ark. Oct. 10, 2013) (citations omitted) (recognizing that prison officials cannot impose sanctions against a prisoner because he exercised his right to remain silent).

Plaintiff alleges that he engaged in constitutionally protected (exercising his right to counsel and right to remain silent) conduct and Defendant Purnell stole his phone because he exercised those rights. Construing Plaintiff's complaint liberally, this retaliation claim may move forward for factual development.[1]

---

[1] The Court is required to consider all of Plaintiff's factual allegations as true at this stage in the litigation. Plaintiff states that he has not exhausted administrative remedies because there is no grievance procedure in place at the "Muscogee County Government Center (now called The Justice Center)." ECF No. 1 at 3. Plaintiff has been incarcerated in the Muscogee County Jail since the day of his arrest (August 24, 2023) and it seems the jail has a grievance procedure in place. *See Paschal v. Petty*, No. 4:22-cv-19-CDL-MSH, 2022 WL 4351965, at *5 (M.D. Ga. Aug. 22, 2022) (recognizing that the Muscogee County Jail has an established grievance procedure). If this is the case and Plaintiff has failed to exhaust available administrative remedies, Defendant may move to dismiss this action on that basis.

    B. Due process claim against Defendant Victor Purnell to any extent that Plaintiff alleges Purnell legally confiscated his phone

Plaintiff is incorrect to any extent that he is alleging the Due Process Clause of the Fifth Amendment to the United States Constitution or Article One, Section One of the Georgia Constitution entitled him to a hearing before his cell phone was confiscated to be held until his release from jail. Plaintiff acknowledges he was arrested on August 24, 2023, and is currently being held in jail. ECF No. 1 at 5. Furthermore, he admits that he is not allowed to have a cell phone while incarcerated at the Muscogee County Jail. ECF No. 1 at 6 (stating "you can't have phones in jail"). There was no requirement to have a hearing before confiscating the phone that Plaintiff himself acknowledges he would not be allowed to keep during his incarceration.

    C. Due process claim against Victor Purnell to any extent that Plaintiff alleges Purnell illegally stole his cell phone

Plaintiff must bring in state court any claim that Defendant Purnell took his phone on the day he arrested Plaintiff and failed to place the phone along with the rest of Plaintiff's personal property for safe keeping to be returned to Plaintiff following release. In other words, to the extent that Plaintiff claims Purnell illegally stole his cell phone, the claim must be raised in state court.

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a post-deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). If the following two circumstances are present, a prisoner's claim for deprivation

of personal property does not amount to a violation of due process: (1) the deprivation of property resulted from an intentional, unauthorized act of a state employee, and (2) the state provides an adequate post-deprivation property remedy for a prisoner's property loss. *Id.; Parratt v. Taylor*, 451 U.S. 527 (1981).

In this case, both factors are present.  First, if Defendant Purnell took Plaintiff's phone to keep for himself or otherwise failed to give Plaintiff's phone to jail officials for safe keeping, the confiscation and retention of Plaintiff's phone was intentional and wrongful.  *See Lindsey v. Storey*, 936 F.2d 554, 560 (11th Cir. 1991) (quoting *Hudson*, 478 U.S. at 533) (stating that "[e]ven assuming the continued retention of plaintiff's personal property is wrongful, no procedural due process violation has occurred 'if a meaningful post-deprivation remedy for the loss is available'").  Second, Georgia provides an adequate post-deprivation remedy whereby Plaintiff may sue Defendant Purnell in state court and recover any damages due Plaintiff for the loss of his phone. O.C.G.A. § 51-10-1.  *See Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2104) (per curiam) (citations omitted) (concluding that the district court did not err in dismissing prisoner's procedural due process claim regarding his stolen packages); *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (per curiam) (citations omitted)  (upholding district court's dismissal of prisoner's claim that correctional officers were illegally confiscating the prisoner's personal property).

IV.     Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff's "Motion for a Court Order" (ECF No. 4) is **DENIED.** It is **ORDERED** that his "Motion to Amend and Supplement Claim" is **GRANTED.** It is **ORDERED** that Plaintiff's retaliation claim against Defendant Purnell shall proceed for further factual development.  It is **RECOMMENDED** that Plaintiff's due process and deprivation of personal property claims be **DISMISSED** without prejudice.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Victor Purnell, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

    **SO ORDERED** and **RECOMMENDED**, this 1st day of February, 2024.

                                   s/ Charles H. Weigle
                                   Charles H. Weigle
                                   United States Magistrate Judge